[File No. 6188.]

KATHERINA KNECHT and Ferdinand Moldenhauer, Appellants, v. EDITH HAEGER, also known as Ida Haeger, et al., Respondents.

(250 N. W. 538.)

Opinion filed October 10, 1933.

*Floyd B. Sperry* and *C. L. Crun,* for appellants.

*Peter A. Winter* and *Geo. Thom, Jr.,* for respondents.

CHRISTIANSON, J. This is a proceeding for the probate of the will of Johan Moldenhauer. It originated in the county court of Sheridan county. The above named petitioner, Katherina Knecht, petitioned for the probate of the will. The respondent, Ida Haeger, a granddaughter of the decedent, filed answer to the petition and resisted the probate of the will on the ground, among others, that the decedent was not competent to make a will. The county court sustained the objections and found, among other things, that the testator did not have testamentary capacity and that, consequently, the will was invalid. Katherina Knecht and Ferdinand Moldenhauer, a son and daughter of the decedent, appealed to the district court and there the matter was tried anew before a jury. The district court submitted to the jury only one question, namely, whether the testator was of sound mind and had capacity to make a will. The jury found, as had the county court, that the testator did not possess testamentary capacity. Upon this verdict the district court entered an order for judgment. The petitioners, Katherina Knecht and Ferdinand Moldenhauer, moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and they have appealed to this court from the order denying their motions and from the judgment.

The principal contention advanced by the appellants in this court is that the verdict is contrary to the evidence. In short, it is contended that there is no competent legal evidence justifying the jury in finding that the testator did not have testamentary capacity. We have carefully considered the evidence. It would extend this opinion to pro-

hibitive length to attempt to set forth the testimony of the several witnesses. In all, more than thirty witnesses testified. As we view the evidence there is a square conflict therein; and there is, we think, ample evidence to justify the finding of the jury.

The evidence shows that Johan Moldenhauer and his wife came to Sheridan county about 1926; that at the time they were possessed of a considerable sum in money; that they deposited this money in time deposits in two banks in Goodrich in Sheridan county, the certificates of deposit being payable jointly to Johan Moldenhauer and his wife. One of the bankers testified that at the time such deposit was made the decedent and his wife and some of the adult children came to the bank and that the banker was informed that the decedent would not transact business with the bank,—that he was not at all times able to do so. The clear preponderance of the evidence shows that from that time on, as long as the wife of the decedent lived, the business transactions relating to investments, etc., were transacted primarily by the wife. Merchants, bankers and others testified that the sole business transactions by the decedent were some small purchases, payment of light bills, etc., and even upon many of these occasions he seemed wholly at a loss and had to go home for further instructions.

The will in question was executed two days after the burial of the decedent's wife. One of the physicians in the village, who had treated both the decedent and his wife, and one of the bankers in whose bank decedent and his wife had a time deposit, were called to act as subscribing witnesses. They both refused to do so and stated that in their judgment he was not competent to make a will. This same view they expressed upon the trial, giving rather clear and detailed reasons for their conclusions. The doctor testified, among other things, that he found that the sensory side of the brain of the decedent was not working normally. In our opinion the evidence considered as a whole furnished ample justification for the conclusion reached by the jury, that the defendant did not have testamentary capacity. Of course, if the jury had seen fit to disbelieve the witnesses who testified for the respondents and had believed only those who testified for the petitioners, they might have reached a different conclusion. In short, as we view it the case is one where the issue was fundamentally and primarily one

for the jury. It involved the weight of evidence and the credibility of witnesses, and the decision of the jury upon those questions is, as we view it, binding upon this court.

Certain errors are assigned upon rulings in the admission and rejection of evidence. These rulings have not been argued separately in the brief. Most of them are not supported by any argument whatsoever. They have all been considered. No one is of sufficient merit to warrant discussion. The record discloses that the case was fairly tried. It was submitted to the jury under instructions the correctness of which are not challenged in any particular. We see no reason for disturbing the verdict of the jury. The judgment and order appealed from are affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE and BURK, JJ., concur.